UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GEORGE KARP,

                      Plaintiff,

    v.

ALONZO, *et al.*,

                    Defendants.

Case No. 3:25-cv-00213-ART-CSD

ORDER

## I.    DISCUSSION

On March 2, 2026, the Court screened Plaintiff's complaint under 42 U.S.C. § 1983. (ECF No. 5). The Court dismissed the complaint without prejudice and with leave to amend within 30 days. (*Id.*) Plaintiff has filed a motion for an extension of time to file an amended complaint, as well as a motion for appointment of counsel. (ECF Nos. 8, 9).

Plaintiff requests an extension of 90 days to file his first amended complaint. (ECF No. 8.) He does not provide any reason for such a long extension. The Court will extend the deadline for Plaintiff to file an amended complaint until **May 4, 2026**. However, absent unusual circumstances, the Court does not anticipate granting any further requests for an extension.

The Court denied Plaintiff's motions for appointment in its screening order. (ECF No. 5 at 11). Plaintiff has now filed another motion for appointment of counsel. (ECF No. 9). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff filed a generic motion for appointment of counsel in a criminal case. (ECF No. 9). But this is not a criminal case, and the Court may only appoint counsel in civil cases under exceptional circumstances. Plaintiff does not present any exceptional circumstances that would support appointment of counsel. Furthermore, because the Court has dismissed the complaint in its entirety without prejudice, and Plaintiff has not yet filed an amended complaint, he cannot establish a likelihood of success on the merits. Accordingly, the Court denies the motion for appointment of counsel without prejudice.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's motion for an extension to file an amended complaint (ECF No. 8) is granted in part and denied in part. The Court extends the deadline for Plaintiff to file an amended complaint **until May 4, 2026**.

It is further ordered that pursuant to the Court's screening order, if Plaintiff fails to file an amended complaint by that extended deadline, this case will be subject to dismissal.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 9) is denied without prejudice.

DATED: April 1, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

2