UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE KARP,<br><br>                              Plaintiff,<br>        v.<br><br>ALONZO, *et al.*,<br><br>                              Defendants. | Case No. 3:25-cv-00213-ART-CSD<br><br>ORDER |

## I.    DISCUSSION

On March 2, 2026, the Court screened Plaintiff's complaint under 42 U.S.C. § 1983. (ECF No. 5). The Court dismissed the complaint without prejudice and with leave to amend within 30 days. (*Id.*) Plaintiff then filed a motion for an extension of time and a request for appointment of counsel. (ECF Nos. 8, 9). The Court had already denied Plaintiff's motions for appointment of counsel in its screening order. (ECF No. 5). The Court granted Plaintiff an extension until May 4, 2026, to file a first amended complaint and again denied his motion for appointment of counsel. (ECF No. 10). In granting Plaintiff's motion for an extension, the Court noted that "absent unusual circumstances, the Court does not anticipate granting any further requests for an extension." (*Id.*)

Plaintiff has filed a motion requesting a second extension of time to file an amended complaint and again requesting appointment of counsel. (ECF No. 11). In his motion, Plaintiff does not provide any reason for seeking a second extension to file an amended complaint. In light of Plaintiff's pro se status, the Court will grant him one more extension to file a first amended complaint by **June 12, 2026**. However absent unusual circumstances, the Court will not grant any further requests for an extension.

Plaintiff's request for appointment of counsel is the fourth such request that he has filed so far in this case. As the Court has previously explained, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth*

*v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff's motion states that he is not familiar with the law or civil rights (ECF No. 11 at 6). But this is not an exceptional circumstance. Virtually every inmate who files a civil rights case is unfamiliar with the law and civil rights cases. Plaintiff also states that this case is complex. (*Id.* at 5). But the Court has dismissed the complaint in its entirety without prejudice, and Plaintiff has not yet filed an amended complaint. Thus, it is not possible to determine what claims may ultimately proceed in this case, whether they are likely to succeed on the merits, or how complex they are. Accordingly, the Court again denies the motion for appointment of counsel without prejudice.

## II.    CONCLUSION

It is therefore ordered that Plaintiff's motion for an extension to file an amended complaint and for appointment of counsel (ECF No. 11) is **GRANTED in part and DENIED in part**. The Court extends the deadline for Plaintiff to file an amended complaint **until June 12, 2026**. Plaintiff's request for appointment of counsel is denied without prejudice.

It is further ordered that pursuant to the Court's screening order, if Plaintiff fails to file an amended complaint by June 12, 2026, this case will be subject to dismissal.

DATED: May 13, 2026.



UNITED STATES MAGISTRATE JUDGE